**Richard C. Miller, F0458**
**BANES HOREY BERMAN & MILLER, LLC**
**Suite 201, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP 96950**
**Tel.: (670) 234-5684**
**Fax: (670) 234-5683**
**Email: RMiller@pacificlawyers.law**

*Attorneys for Plaintiffs*

## IN THE DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD., and IDS DEVELOPMENT MANAGEMENT & CONSULTANCY, <br><br> Defendants. | Case No. 1:20-CV-00031 <br><br> **PLAINTIFFS' SECOND AMENDMENT TO STATEMENT OF DAMAGES ON FLSA CLAIMS** |

The FLSA collective-action Plaintiffs hereby file a Second Amendment to the Statement of Damages they submitted on February 12, 2021 (ECF No. 26) in accordance with the Court's directive during a hearing on March 3, 2021. The Court found that compensatory damages for violation of the FLSA (Fair Labor Standards Act) for failure to pay wages for the first 40 hours per week must be calculated based on the federal minimum wage and observed that Plaintiffs'

1

exhibits in support of damages erroneously applied the regular rate.[1] Plaintiffs have revised the spreadsheets accordingly and now submit amended exhibits along with this Second Amendment to the Statement of Damages. As these exhibits show, the total requested damages are now $24,997.53 in FLSA-guaranteed compensation for minimum and overtime wages never paid; $287,291.38 in liquidated damages for wages deemed "unpaid" under the FLSA because they were not paid on the employees' regular payday; and $937,181.51 in punitive damages. The total amount of the requested award is $1,249,470.42.

The Second Amendment is in addition to the first Amendment, filed February 19, 2021 (ECF No. 29), and incorporates by reference the first Amendment's arguments and the supporting declarations attached thereto. Only the calculation of damages based on the minimum wage rate, instead of unpaid wages at the regular rate, is further amended.

Two revised exhibits are submitted with this Second Amendment. Exhibit 1 comprises 29 worksheets – one for each member of the FLSA collective action – computing FLSA compensatory and liquidated damages. Column "I,"[2] titled "$ due: regular pay," shows the amount IPI owed each worker for each pay period for hours worked up to 40 hours per week *at the pay rate stated by IPI.* For most workers, this was $8.35 an hour; for foremen (Ozcan Genc, Hasan Gokce, Suleyman Kos, Ertan Gul, and Ali Gunes), it was $10.50 an hour. This column is no longer used to compute FLSA compensatory damages. Instead, FLSA compensatory damages, shown in Column "P," equal overtime wages due (column "K") plus minimum wage earned (column "O") offset by the wages IPI has already paid (column "M"). Exhibit 2 is a single spreadsheet that summarizes damages, including the requested punitive damages, for the

---

[1] As used in this brief, "regular rate" refers to "the regular rate at which [the worker] is employed." 29 U.S.C. § 207(a)(2).

[2] At the Court's request, Plaintiffs are also submitting electronically the XLSX files of the revised exhibits. The column letters are visible in these files and are cited here for the Court's convenience. Columns B through F, which aren't essential to the calculation of damages, have been hidden in order to be able to print out each Plaintiff's worksheet on a single page. The XLSX files are unlocked so that the Court may "unhide" those columns if it wishes.

29 collective action members. The punitive damages for each member have been adjusted to account for the change in FLSA compensatory damages.

For most of the workers, this recalculation has a relatively small effect, reducing their compensatory damages by less than $1,000 each, as their regular rate of $8.35 an hour was not much above the federal minimum wage of $7.25 an hour. Because foremen's regular rate of $10.50 was much greater than the minimum wage, the recalculation substantially reduces their compensatory damages. For foremen Kos, Gul, and Gunes, this reduction is offset by the fact that IPI refused to pay them their due, at the regular rate for foremen; hence their uncompensated overtime wages, calculated on the basis of the regular rate IPI should have paid them, are enough to keep their compensatory damages well in the black. In contrast, IPI did compensate foremen Genc and Gokce at the regular rate for foremen; as a result, FLSA wages never paid to Gokce total only $14.30, and no FLSA wages are still owed to Genc.[3] For Fuat Mert Oztuna, whose regular pay rate was more than twice that of foremen, the effect of the adjustment to the minimum wage for the first 40 hours per week is dramatic, and no FLSA guaranteed wages are owed to him.

All Plaintiffs in this FLSA action, regardless of any offset for wages IPI actually paid, are still owed liquidated damages in the full amount of minimum wage and overtime earned for every paid period where they were not paid on time. "[U]nder the FLSA wages are 'unpaid' unless they are paid on the employee's regular payday." *Biggs v. Wilson,* 1 F.3d 1537, 1538 (9th Cir. 1993). For Oztuna, the late pay periods are (as noted on his worksheet) numbers 6 and 10–18. For all other members of the FLSA collective, all regular paydays for pay periods in which they worked were missed, starting with number 13, and liquidated damages are owed to compensate them for this loss of timely wages.

In addition to any judgment in this action, the Court may "allow a reasonable attorney's

---

[3] This doesn't mean that Genc owes IPI any money; it only means IPI doesn't owe Genc FLSA's guaranteed wages. On the breach of contract claim it still owes Genc, as well as all other Plaintiffs, any regular wages it has never paid them.

fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Undersigned counsel requests 14 days after any award of damages to submit to the Court a bill of costs and fees.

      Respectfully submitted this 4th day of March, 2021.

                                      BANES HOREY BERMAN & MILLER, LLC

                                      _____/s/_____
                                      Richard C. Miller