Richard C. Miller, F0458
**BANES HOREY BERMAN & MILLER, LLC**
Suite 201, Marianas Business Plaza
P.O. Box 501969
Saipan, MP 96950
Tel.: (670) 234-5684
Fax: (670) 234-5683
Email: RMiller@pacificlawyers.law

*Attorneys for Plaintiffs*

# IN THE DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD., and IDS DEVELOPMENT MANAGEMENT & CONSULTANCY,<br><br>Defendants. | Case No. 1:20-CV-00031<br><br>**MOTION FOR VOLUNTARY DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT IDS DEVELOPMENT MANAGEMENT & CONSULTANCY UNDER FED. R. CIV. P. 41(a)(2)** |

Plaintiffs, through counsel, respectfully move the Court to dismiss without prejudice all of their claims against Defendant IDS Development Management & Consultancy ("IDS"), under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

On March 31, 2021, the Court granted Plaintiffs an extension of time to serve IDS with the summons and complaint, and ordered that no later than June 3, 2021, Plaintiffs "shall file either proof of service, or a second status report showing good cause for a further extension of time, or a motion to dismiss under Federal Rule of Civil Procedure 41(a)." (Order, ECF No. 33.) Plaintiffs have not been able to serve IDS in conformity with the Hague Service Convention and cannot in good faith assure the Court that they will be able to do so in the foreseeable future. The

1

circumstances are detailed in Plaintiffs' June 2, 2021 status report (ECF No. 38) and the Second Declaration of undersigned counsel, attached thereto. Therefore, Plaintiffs now move to dismiss all claims against IDS voluntarily.

In the complaint, Plaintiffs pled two causes of action against IDS under the federal Fair Labor Standards Act ("FLSA") and one state-law breach of contract claim. The Court preliminarily certified a collective action on the FLSA claims (Civil Minutes, Dec. 30, 2020, ECF No. 11) and certified a class action on the breach of contract claim (Civil Minutes, Mar. 3, 2021, ECF No. 30).

Rule 41(a)(1)(A) generally permits a plaintiff to voluntarily dismiss a defendant who has not answered or moved for summary judgment simply by filing notice of the dismissal. However, claims of a certified class may be voluntarily dismissed – or settled, or compromised – only with the Court's approval. Fed. R. Civ. P. 23(e), 41(a)(1)(A). It is up to the court to determine whether to give notice of the proposed dismissal to the class. Fed. R. Civ. P. 23(e)(1). While it is not settled whether a court order is needed to voluntarily dismiss a defendant in an FLSA collective action, there is case law strongly suggesting that the answer is yes. Voluntary dismissal without a court order is subject to "any applicable federal statute," Fed. R. Civ. P. 41(a)(1), and courts have found that, at least with respect to settlements and compromises of claims, the FLSA envisions court approval. *See Kedney v. Southern Response Serv., Inc.,* Civil Action 1:19-00913-KD-N, 2020 WL 1695490 (S.D. Ala. Apr. 7, 2020); *Wolinsky v. Scholastic, Inc.,* 900 F. Supp. 2d 332, 340–41 (S.D.N.Y. 2012). Although Plaintiffs may be able to dismiss IDS from the FLSA claims simply by notice, in an abundance of caution they ask the Court to issue a voluntary dismissal order.

As to the class action, Plaintiffs submit that the Court can determine it does not need to give notice of the proposed dismissal to the class. A court must direct notice to all class members if the proposal would bind all class members. Fed. R. Civ. P. 23(e)(1)(B), 23(e)(2). Voluntary dismissal without prejudice would not bind class members or prevent them from instituting their own lawsuit against IDS. Given that Plaintiffs have been unable to serve IDS within the time

allotted by the Court, without a voluntary dismissal the class risks an involuntary dismissal for failure to prosecute, which ordinarily "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Hence class members may be adversely affected, not by a voluntary dismissal, but by an involuntary one. The purpose of Rule 23(e) is "to prevent collusion between plaintiffs and defendants in settling class actions to the detriment of the absent class members." *Jenkins v. Massinga,* 592 F. Supp. 480 (D. Md. 1984); *see In re Hyundai and Kia Fuel Economy Litig.,* 926 F.3d 539, 568–69 (9th Cir. 2019) ("Rule 23(e) ensures that unnamed class members are protected from unjust or unfair settlements affecting their rights" (internal quotation marks and citation omitted)). Here, there is no hint or risk of collusion between the named Plaintiffs and IDS. Undersigned counsel's Second Declaration, attached to the June 2, 2021 status report (ECF No. 38), attests that the only impediment to prosecuting the action against IDS is the difficulty of serving them in Turkey.

For these reasons, Plaintiffs respectfully request that the Court issue an order dismissing IDS from this lawsuit without prejudice.

Respectfully submitted this 2nd day of June, 2021.

BANES HOREY BERMAN & MILLER, LLC

_____/s/_____
Richard C. Miller