Richard C. Miller, F0458
BANES HOREY BERMAN & MILLER, LLC
Suite 201, Marianas Business Plaza
P.O. Box 501969
Saipan, MP 96950
Tel.: (670) 234-5684
Fax: (670) 234-5683
Email: RMiller@pacificlawyers.law

*Attorneys for Plaintiffs*

## IN THE DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD., and IDS DEVELOPMENT MANAGEMENT & CONSULTANCY,<br><br>Defendants. | Case No. 1:20-CV-00031<br><br>**PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM THE IPI DEFENDANTS PURSUANT TO FED. R. CIV. P. 37** |

Plaintiffs come now before the Court and move for an order compelling Defendants Imperial Pacific International (CNMI), LLC and Imperial Pacific International Holdings Ltd. (collectively "IPI") to provide discovery, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and in support submit exhibits and a declaration of class counsel, and state:

**FACTS**

1. On December 17, 2020, the Clerk entered IPI's default. (Clerk's Entry of Default, ECF

1

No. 6).[1]

2. On March 3, 2021, the Court certified a class action in this matter and authorized Plaintiffs to secure discovery from IPI "to include identification of potential class members as well as issues of damages as to letters of commitment." (Civil Minutes, ECF No. 30.) The Court ordered class counsel to file a status report on discovery efforts by June 3, 2021. (*Id.*)

3. On April 5, 2021, Plaintiffs served on both IPI defendants Plaintiffs' First Set of Interrogatories and First Set of Requests for Production ("First Set"). (Proof of Service, ECF No. 36 and 37.) The First Set directed IPI to comply with the requests within 30 days. A copy of the First Set is attached to this motion as Exhibit 1.

4. As class counsel reported in Plaintiffs' First Status Report on Efforts to Secure Discovery from IPI (June 2, 2021, ECF No. 3, supported by Declaration of Counsel, ECF No. 38-1), IPI's Remy Mafnas called class counsel on April 9 and asked for proof of service of Plaintiffs' Complaint, and class counsel emailed the proof to her. As of June 2, 2021, when the First Status Report was filed, IPI had not complied with Plaintiffs' discovery requests.

5. On June 4, 2021, class counsel emailed Ms. Mafnas a letter offering in good faith to confer with IPI on the discovery requests and advising that if class counsel didn't hear from IPI by June 14, he would file a motion to compel. A copy of the letter is attached to this motion as Exhibit 2.

6. Also on June 4, in response to class counsel's email Ms. Mafnas telephoned class counsel and stated that she would promptly bring the matter to the attention of an IPI official. Class counsel then sent Ms. Mafnas an email memorializing the phone conversation, reminding her of the June 14 deadline, and advising her that if progress were not made,

---

[1] On December 30, 2020, the Clerk issued an Amended Entry of Default (ECF No. 10) that rescinded entry of default against IPI's co-defendant but did not disturb entry of default against IPI.

2

he would "ask the District Court to get involved."

7. On June 8, Ms. Mafnas emailed class counsel that former Superior Court judge Juan T. Lizama had agreed to represent IPI in this matter and would be contacting class counsel. A copy of the email exchange of June 4–8 with Ms. Mafnas is attached to this motion as Exhibit 3.

8. On June 14, 2021, Judge Lizama contacted class counsel by email concerning this matter and stated he wasn't very clear what it was about.

9. Also on June 14, in response class counsel emailed Judge Lizama copies of the Complaint, the Clerk's Amended Entry of Default, the Civil Minutes from March 3, the first page of the First Set of Requests showing them acknowledged as received, and the First Status Report. Class counsel directed Judge Lizama to call him the next day and inquired how much additional time IPI would need to respond to the discovery requests.

10. When seven days passed and Judge Lizama still had not called class counsel, class counsel emailed him on June 21, 2021, reiterated that Plaintiffs wish to work in good faith with IPI on a timetable, and advised him that if class counsel did not hear back by June 22, class counsel would file a motion to compel under Rule 37.

11. Judge Lizama called on June 22 and class counsel promptly memorialized the conversation in an email to him. Class counsel agreed to give IPI until June 30 to propose a schedule for discovery compliance. The June 14–22 email exchange is attached to this motion as Exhibit 4.

12. Late in the afternoon of June 30, Judge Lizama emailed class counsel saying he would get back to him tomorrow (i.e., July 1). Class counsel replied, "Tomorrow's fine." The June 30, 2021, email exchange is attached to this motion as Exhibit 5.

13. Tomorrow came and went. As of 5:00 p.m. the day after tomorrow (July 2), class counsel has not heard anything further from Judge Lizama or anyone else from IPI.

//

3

**LOCAL RULE 26.2**

14. Local Rule 26.2 sets forth procedures for resolving discovery disputes. Subsection 26.2(a), regarding "minor discovery disputes," appears to be directed at the situation where the parties are actively engaged in discovery but disagree over whether a particular document must be produced or a particular question must be answered.

15. In this matter, the problem is that despite great effort, Plaintiffs can't get IPI to engage meaningfully in providing any of the discovery that the Court has specifically directed Plaintiffs to seek from IPI. Plaintiffs assert that this situation presents a "significant and substantial discovery dispute that cannot be adequately addressed" (LR 26.2(b)) by the minor-dispute procedures.

**LAW AND ARGUMENT**

16. On notice to other parties and affected persons, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The motion may be made if a party fails to answer interrogatories under Rule 33 or produce documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii),(iv).

17. If a Rule 37(a) motion is granted, the court must award the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

18. A party has a duty at least to try to confer in good faith with a party that fails to provide discovery. Fed. R. Civ. P. 37(a). Telephone conferences and email exchanges may suffice to comply with the requirement to confer in good faith. *FirstNet Ins. Co. v. Zhen Rui Bros. Corp,* 2011 WL 8034171, at *3 (D. N. Mar. I. Oct. 24, 2011) (telephone); *Elec. Mirror, LLC v. Avalon Glass and Mirror Co.,* 2018 WL 3533314, *1 (W.D. Wash. July 23, 2018) (emails).

19. Pursuant to Rule 37(a)(1), class counsel certifies and in his attached declaration that in an effort to obtain discovery without court action, he has in good faith attempted to confer with IPI, the party failing to provide discovery.

20. Plaintiffs warned IPI repeatedly – in its June 4 letter, in an email memorializing class

counsel's June 4 conversation with Remy Mafnas, and in an email to IPI's attorney Judge Lizama[2] on June 21, that if progress in securing discovery responses were not made by dates certain, Plaintiffs would ask the Court to intervene under Rule 37.

21. It has been nearly three months since Plaintiffs served IPI with its first set of interrogatories and requests for production, and still there has not even been a concrete offer from IPI of a timetable to provide discovery.

22. Plaintiffs have been more than patient and willing to accommodate IPI, from whom they keep hearing "Tomorrow" and tomorrow never comes.

WHEREFORE Plaintiffs pray that the Court will issue an order compelling IPI to respond to Plaintiffs' first set of interrogatories and requests for production by as early a date certain as the Court determines to be just and proper, and for an award of Plaintiffs' reasonable expenses incurred in making this motion, including attorney's fees, to be paid by IPI or the attorney advising IPI in its conduct, or both.

Respectfully submitted this 2nd day of July, 2021.

BANES HOREY BERMAN & MILLER, LLC

_____/s/_____
Richard C. Miller

---

[2] As of the filing of this motion, Judge Lizama has not entered an appearance in this matter and therefore will not be served electronically through CM-ECF. Plaintiffs will email him the filed motion, exhibits, and declaration.