F I L E D
Clerk
District Court

AUG 09 2021

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖÇKE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC, IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD., and IDS DEVELOPMENT MANAGEMENT & CONSULTANCY,<br><br>Defendants. | Civil Case No. 1:20-cv-00031<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT IDS DEVELOPMENT MANAGEMENT & CONSULTANCY WITHOUT PREJUDICE** |

In November 2020, Plaintiffs Özcan Genç, Hasan Göçke, and Süleyman Köş (collectively "Plaintiffs") filed the instant action against Defendants Imperial Pacific International (CNMI), LLC, Imperial Pacific International Holdings, Ltd. (collectively "IPI"), and IDS Development Management & Consultancy ("IDS"). (Compl., ECF No. 1.) Plaintiffs represent a collective and class action comprising of 29 Turkish workers asserting three claims against all Defendants: (1) Federal Labor Standards Act ("FLSA") minimum wage and overtime violations, (2) FLSA retaliation violations, and (3) a state-law breach of contract claim. (*Id*.) Although the Court entered default against IPI in December 2020, IDS has yet to be served with Plaintiffs' pleadings or other court documents in this matter. Now before the Court is Plaintiffs' Motion for Voluntary Dismissal of All Claims Against

Defendant IDS Development Management & Consultancy Under Fed. R. Civ. P. 41(a)(2). (Mot., ECF No. 39.) For the reasons below, the Court hereby GRANTS Plaintiffs' motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

IDS, a company registered in several countries including Turkey, recruits workers in Turkey and the Middle East for construction projects around the world. In 2019, IDS recruited several highly skilled and experienced Turkish electricians, carpenters, welders, and plumbers to build IPI's hotel-casino complex in Garapan, Saipan. Since the filing of their Complaint, Plaintiffs have been unable to serve or reach IDS representatives. According to Plaintiffs, "[s]ometime in early October, IPI fired IDS," and the representatives with whom Plaintiffs were in contact with left Saipan. (Compl. 10 ¶ 61-62, ECF No. 1.)

In March 2021, Plaintiffs filed a status report apprising the Court of its progress in locating and serving IDS. They maintained that Turkey "does not permit service via postal channels[, and therefore d]ocuments must be translated into Turkish and submitted to Turkey's Central Authority for the Hague Service Convention." (Plaintiffs' First Status Report on Service on Defendant IDS 2, ECF No. 32.) Plaintiffs' counsel, Richard C. Miller, also attested that he has been in touch with a lawyer in Turkey who informed him that "she need[s] a special power of attorney from each plaintiff before she could do legal work on their behalf." (Decl. Miller 1 ¶ 4, ECF No. 32-1.) The Court granted Plaintiffs an extension of time to serve IDS by June 3, 2021 and file either a proof of service, a status report showing good cause for a further extension, or a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a).

On June 2, 2021, Plaintiffs filed another status report and the instant motion now before the

Court. They explained that they have been unable to "serve IDS in conformity with the Hague Service Convention and cannot in good faith assure the Court that they will be able to do so in the foreseeable future." (Mot. 1, ECF No. 39.) They further informed the Court that the Turkish attorney has not provided the Turkish translation of various documents. (Plaintiffs' Second Status Report on Service on Defendant IDS 2, ECF No. 38.) Counsel additionally attested that despite efforts to contact the Turkish attorney, neither he nor the named Plaintiffs have received a response. (Second Decl. Miller 2 ¶ 11-13, ECF No. 38-1.) According to Counsel, he "explained to the class representatives [his] reasons for dismissing IDS voluntarily, and they have agreed." (*Id*. at ¶ 14.)

## II.    LEGAL STANDARDS

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action without court order where notice of dismissal occurs before the opposing party serves either an answer or a motion for summary judgment, or where the parties jointly sign and file a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1). Otherwise, the plaintiff may request a dismissal by court order. *Id*. at 41(a)(2). "In this circuit, as elsewhere, a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Fin. Corp. of Am*., 828 F.2d 579, 583 (9th Cir. 1987).

However, voluntary dismissal is subject to the parameters of Rule 23(e) of the Federal Rules of Civil Procedure which governs voluntary dismissals in class actions. Claims may be voluntarily dismissed "only with the court's approval." Fed. R. Civ. P. 23(e). A court contemplating granting a motion for voluntary dismissal must assess whether the party seeking dismissal provided "information sufficient to enable [the court] to determine whether to give notice of the propos[ed dismissal] to the

class." Fed. R. Civ. P. 23(e)(1). Notice is required to "all class members who would be bound by the proposal," and where the court would likely approve the dismissal and "certify the class for purposes of judgment on the proposal." *Id*. If the voluntary dismissal would bind class members, the court may approve the dismissal "only after a hearing and only finding that is fair, reasonable, and adequate." *Id*. at 23(e)(2). "The parties seeking approval must file a statement identifying any agreement made in connection with the proposal." *Id*. at 23(e)(3).

In evaluating a motion for voluntary dismissal of the class claims, courts should evaluate whether putative class members would be prejudiced by dismissal; if so, notice of the proposed dismissal to the members or inquiry into any possible prejudice is advised. *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1403 (9th Cir. 1989). Members may be prejudiced if (1) they have "possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances," (2) there is inadequate time "for class members to file other actions, because of a rapidly approaching statute of limitations," or (3) "any settlement or concession of class interests made by the class representative or counsel [is made] in order to further their own interests." *Id*. at 1408.

III.    **DISCUSSION**

Plaintiffs seek to dismiss their claims against IDS as they have been unable to serve IDS with any filings. They specifically request the Court issue a dismissal order without prejudice and without requiring notice. In support of their position, they argue that voluntary dismissal without prejudice "would not bind class members or prevent them from instituting their own lawsuit against IDS," and therefore no notice is required. *See* Fed. R. Civ. P. 23(e)(1); Mot. 2, ECF No. 39. Plaintiffs go one step

further and argue that an involuntary dismissal for failure to prosecute would be more detrimental as it would be an adjudication on the merits per Federal Rule of Civil Procedure 41(b). (*Id*. at 3.) A voluntary dismissal without prejudice, Plaintiffs argue, would not be detrimental on the collective or class action and there "is no hint or risk of collusion between the named Plaintiffs and IDS." (*Id*.) "[T]he only impediment to prosecuting the action against IDS is the difficulty in serving them in Turkey." (*Id.)*

In *Diaz*, the Ninth Circuit asked whether a trial judge may dismiss a class action's claims without notice to the class or without inquiry into possible prejudice. 876 F.2d at 1403. In that case, former employees of the Trust Territory of Pacific Islands ("TT") filed a class action claiming that government salary schedules unlawfully discriminated against TT citizens and third-country nationals. The members totaled "252 named plaintiffs and a class of unnamed workers consisting of both TT citizens and third country nationals, employed throughout all the former districts of the TT, including the [CNMI]." *Id*. The plaintiffs sought to consolidate their case with a related class action that involved "a more limited class: TT citizens employed within the CNMI." *Id*. The court denied the motion to consolidate or alternatively to intervene, and the parties subsequently stipulated to dismiss all claims relating to employment outside of the CNMI. The court granted the dismissal stating: "The Court finds that individual notice to putative class members is not required, pursuant to [Rule] 23(e)." *Id*. Thus, all claims for employees living outside of the CNMI were dismissed. Nothing in the record revealed that the district court examined whether class members would be prejudiced by dismissal, and class members outside the CNMI never received notice of dismissal of their claims.

The Ninth Circuit found the district court's failure to inquire into whether putative class

members would be prejudiced by dismissal—and its failure to provide notice upon finding potential prejudice—was erroneous. *Diaz* at 1411. The Ninth Circuit reasoned that: "there was a strong possibility of prejudice from the dismissal because of the running of time and the deficiencies in communications among thousands of islands scattered over thousands of miles of ocean." *Id*. The court agreed with the plaintiffs that members outside the CNMI are "separated from each other by hundreds or thousands of miles of ocean," and "it would be extremely unrealistic to expect class members [to] monitor this litigation, and quickly learn their claims had been dismissed." *Id*. "In this case, the likelihood that members of the class had knowledge of the litigation, and the short time before expiration of the statute of limitations made prejudice likely." *Id*. The district court therefore erred by not requiring notice to the non-CNMI class, and the Ninth Circuit reversed and remanded.

The Court finds that in this case, however, dismissal without prejudice and without notice is warranted. In *Diaz*, the prejudice against the plaintiffs was significant: they had no opportunity to be noticed and ultimately, no opportunity for recourse. Here, IDS is not the sole Defendant that Plaintiffs may recover from. Rather, Plaintiffs are one of many litigants seeking recovery from IPI in this Court. Furthermore, the Court agrees with Plaintiffs that a dismissal without prejudice would not bind the collective action and class members from adjudicating separate suits against IDS individually. Indeed, it may be more practical for class members to pursue litigation against IDS in Turkey as IDS is a company registered in Turkey and therefore litigation against IDS is presumably more accessible. The statute of limitations is not yet "rapidly approaching," as it is still over a year away *See* 29 U.S.C. § 255(a). Furthermore, unlike the *Diaz* intervenors who were non-CNMI class members that belonged to a subsistence economy and had deficiencies in communications in 1985, the Turkish workers class

6

members who wish to pursue their claims against IDS have the convenience of modern technology

and online news coverage to apprise them of the status of this case.  Finally, there is nothing to suggest

that the voluntary dismissal is to either the named Plaintiffs or Counsel's interest as they will continue

pursuing this lawsuit against IPI. And thus, although there is likely a reliance by the members on the

filing of this action, there is still opportunity to recover from IPI and be made whole.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiffs' motion, without notice to the

class, and DISMISSES WITHOUT PREJUDICE all their claims against IDS pursuant to Rule 23(e)

and 41(a)(2) of the Federal Rules of Civil Procedure.


IT IS SO ORDERED this 9th day of August, 2021.


_____

RAMONA V. MANGLONA
Chief Judge