**Richard C. Miller, F0458**
**BANES HOREY BERMAN & MILLER, LLC**
**Suite 201, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP 96950**
**Tel.: (670) 234-5684**
**Fax: (670) 234-5683**
**Email: RMiller@pacificlawyers.law**

*Attorneys for Plaintiffs*

# IN THE DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD., and IDS DEVELOPMENT MANAGEMENT & CONSULTANCY,**<br><br>**Defendants.** | Case No. 1:20-CV-00031<br><br>**PLAINTIFFS' THIRD STATUS REPORT ON EFFORTS TO SECURE DOCUMENTS FROM DEFENDANTS IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, AND IMPERIAL PACIFIC HOLDINGS LTD.**<br><br>And<br><br>**REQUEST FOR STATUS CONFERENCE** |

Plaintiffs, by and through undersigned class counsel, hereby submit a third status report on their efforts to secure documents from Defendants Imperial Pacific International (CNMI), LLC ("IPI CNMI") and Imperial Pacific International Holdings Ltd. ("IPI Holdings") on class membership and damages, and request that the Court set a status conference to address how best to give notice to all class members as required by Fed. R. Civ. P. 23(c)(2)(B) and issues related to the fact that Defendants still are not represented by counsel in this matter.

On September 17, 2021, Chief Executive Officer of IPI CNMI, timely[1] responded

---

[1] The return date on the subpoena was September 20, 2021.

1

personally to Plaintiffs' subpoena duces tecum to IPI CNMI by providing Plaintiffs' counsel with a thumb drive of electronic documents, a printout of certain of those documents, and a document captioned "Defendant's Response to Plaintiff's Attachment No. 1 Subpoena Duces Tecum" ("Response"). Where counsel's name and contact information would normally appear in the upper righthand corner of the caption, there appear Mr. Yumul's name and contact information. Mr. Yumul gave Plaintiffs. Mr. Yumul. In the Response, Mr. Yumul purports to raise legal objections to production of some materials, including attorney-client privilege. Mr. Yumul signed the Response under penalty of perjury. The document he gave class counsel appears to have an original signature.[2]

In addition, Mr. Yumul told class counsel that IPI CNMI is continuing to search for responsive documents and requested an additional 30 days to complete the search. Class counsel agreed to extend the deadline to October 18, 2021. As of the date of this status report, Mr. Yumul has not provided any further discovery.

In the subpoena, Plaintiffs asked Defendants to provide the names and contact information for all Turkish national who worked for Defendants under the H-2B visa program on of after January 1, 2020. IPI CNMI provided a spreadsheet with the names of 104 Turkish workers but contact information only for five of them. The Court will recall that 29 Turkish workers are already aware of the class action, having opted in to the FLSA collective action. That leaves 75 who have not had notice of the class action; for all but 4 of them, we have no contact information.[3]

Plaintiffs request a status conference to address with the Court the best means to provide notice to this class. Because the Court certified the class under Rule 23(b)(3), notice must be given in accordance with Rule 23(c)(2)(B): "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members

---

[2] Class counsel has returned the original document to Mr. Yumul.

[3] One of the 5 for whom IPI CNMI provided contact information has already opted in.

who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Where no other method is practicable, notice by publication may be acceptable. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). Prior to the status conference, class counsel will seek advice from class representatives and other class members who are part of the FLSA collective action as to how best to publish notice.

Plaintiffs also request that the status conference address the status of their Motion for Entry of Partial Default Judgment (ECF No. 16). The Court received evidence and testimony at hearings on February 8 and March 3, 2021, and at the Court's request Plaintiffs filed an Amended Statement of Damages on March 4, 2021. Plaintiffs are unaware whether the Court is waiting for further evidence or other procedural steps before issuing a default judgment but are eager to assist the Court in any way possible to move that matter to a conclusion.

Respectfully submitted this 2nd day of December, 2021.

BANES HOREY BERMAN & MILLER, LLC

_____/s/_____
Richard C. Miller