**Richard C. Miller, F0458**
**BANES HOREY BERMAN & MILLER, LLC**
**Suite 201, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP 96950**
**Tel.: (670) 234-5684**
**Fax: (670) 234-5683**
**Email: RMiller@pacificlawyers.law**

*Attorneys for Plaintiffs*

## IN THE DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other persons similarly situated,** | **Civil Case No. 1:20-cv-00031** |
| **Plaintiffs,** | **MOTION TO CERTIFY PARTIAL DEFAULT JUDGMENT AS FINAL JUDGMENT UNDER RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| **vs.** | |
| **IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD.,** | **Judge: Manglona, C.J.** **Hearing: March 11, 2022** **Time: 1:30 p.m.** |
| **Defendants.** | |

On February 18, 2022, the Court granted default judgment in favor of Plaintiffs and against Defendants Imperial Pacific International (CNMI), LLC and Imperial Pacific International Holdings Ltd. (collectively "IPI") on their collective-action claims under the federal Fair Labor Standards Act ("FLSA") for unpaid wages, including liquidated damages, and for retaliation, in the amount of $477,935.91 plus attorney fees and post-judgment interest.[1] Also in this lawsuit, Plaintiffs maintain a certified class action against Defendants for which notice to the class has not yet been given and which is still pending judgment. Plaintiffs

---

[1] Minute Entry, Feb. 18, 2022 (ECF No. 51); Decision and Order Granting Plaintiffs' Motion for Partial Default Judgment, Feb. 24, 2022 (ECF No. 52).

respectfully request that the Court now certify the partial default judgment as a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

When an action presents more than one claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims ... only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).[2] On a motion under Rule 54(b), a district court's first step is to "determine that it is dealing with a 'final judgment' ... in the sense that it is a decision upon a cognizable claim for relief ... that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436 (1956)). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* at 8 (1980) (quoting *Sears, Roebuck,* 351 U.S. at 435). At this second step, district courts "must take into account judicial administrative interests as well as the equities involved." *Id.* (emphasizing "the historic federal policy against piecemeal appeals"). A key question is "whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id. See also Continental Airlines, Inc. v. Goodyear Tire & Rubber Co,* 819 F.2d 1519, 1525 (9th Cir. 1987)

---

[2] The rule also concerns multiple parties, but the only defendants remaining in this action are the defaulted defendants. (*See* Order Granting Plaintiffs' Motion for Voluntary Dismissal of Defendant IDS Development Management & Consultancy Without Prejudice, Aug. 9, 2021 (ECF No. 44).) Hence the concerns that this Court identified in *Wang v. Gold Mantis Construction Decoration (CNMI), LLC,* Case No. 1:18-cv-00030, 2020 WL 6928392 (Nov. 25, 2020), *reconsidered on other grounds,* 2021 WL 2065398 (May 24, 2021), for entering judgment against only one defendant when multiple defendants may be jointly and severally liable, do not strictly apply here.

(stating that the core of the Rule 54(b) inquiry is a "pragmatic approach focusing on severability and efficient judicial administration").

The Court's judgment on the FLSA claims is a final judgment. It decides two "cognizable" claims, for unpaid wages and retaliation. It is final because nothing is left to be decided under the FLSA: the Court has determined the amount of unpaid wages, including liquidated damages, and has ruled on the availability of relief for retaliation under the FLSA and has calibrated that relief.

There is no just reason to delay certifying final judgment on the FLSA claims for unpaid wages and retaliation. These claims are severable factually and legally from the remaining breach of contract claim. The FLSA claims sought compensation for unpaid minimum and overtime wages for actual hours worked, and for retaliation when the workers protested. For all but one of the Plaintiffs (Fuat Mert Öztuma), the time period of the violations was limited to June through December 2020. Plaintiffs are 29 "opt-in" members of an FLSA collective action. In contrast, the breach of contract claim seeks compensation over and above the FLSA statutory guarantees, starting from plaintiffs' arrival in Saipan the first week of January 2020, and has been certified as an "opt-out" class action potentially affecting dozens more laborers. Because from January until early June 2020 plaintiffs were paid on time, biweekly, for the hours they worked, this period did not give rise to any FLSA claims. For this earlier period, Plaintiffs allege that IPI breached a six-month Letter of Commitment executed when they were recruited in Turkey, in which IPI promised to pay them considerably more than minimum wage and to supply amenities such as Turkish-style meals prepared by a Turkish cook, life insurance, and round-trip airfare for a visit back to Turkey if they re-upped for a second six months. None of the facts necessary to prove this claim intersect with the facts of the FLSA claims. The elements of

the claims are different, too: FLSA claims do not require proof of a contract and failure to perform under the contract. There is no danger that an appellate court would have to decide the same issues twice in the course of subsequent appeals. Thus, the FLSA and breach claims are distinct and separable.

It bears emphasizing that a district court may enter judgment on certain claims even if there is some degree of factual overlap with unadjudicated claims. "We do not mean to suggest that claims with overlapping facts are foreclosed from being separate for purposes of Rule 54(b). Certainly they are not. ... The greater the overlap the greater the chance that this [appellate] court will have to revisit the same facts—spun only slightly differently—in a successive appeal." *Wood v. GCC Bend, LLC,* 422 F.3d 873, 881 (9th Cir. 2005). All claims in the case at bar involve allegations that IPI trampled on the rights – in the adjudicated claims statutory, in the unadjudicated claim contractual – of Turkish workers. But the core facts of the claims are different, and there is no danger that the breach of contract claims will merely put a different spin the same facts as the FLSA claims.[3]

Equity favors certifying the judgment. The questionable solvency of the defendant, which already has a slew of judgment creditors trying to collect on sizable judgments, strongly suggests that Plaintiffs need to get in line as soon as possible with a judgment of their own. Plaintiffs are not wealthy individuals but, rather, day laborers who suffered severely from their mistreatment by IPI and, nearly two years later, continue in financial distress. *See Bowne of New York City,*

---

[3] Compare, for example, *Tsyn v. Wells Fargo Advisors, LLC,* in which plaintiffs' adjudicated FLSA claim factually overlapped "almost entirely with the pending California state-law overtime claims." Case No. 14-cv-02552, 2016 WL 1718139, at *2 (N.D. Cal. Apr. 29, 2016). In *Tsyn,* the federal and state claims were grounded in "factual allegations common to all counts." *Id.* That is not the case with the Turkish workers' FLSA and breach of contract claims.

1  *Inc. v. AmBase Corp.,* 161 F.R.D. 270, 273 (S.D.N.Y. 1995) ("In making this assessment [under
2  Rule 54(b)], the court can take into account whether delay would cause financial hardship to
3  either party. In particular, the solvency of the judgment debtor is a relevant consideration[.]").
4
        The remaining breach of contract claim, in the early stages of a class action where notice
5  has not even gone out to the class, has no successful conclusion in sight. This distinguishes the
6  present case from others involving FLSA claims where discovery was well underway and trial on
7
8  the unadjudicated claims was imminent. *See, e.g., Vaughan v. Carlock Nissan of Tupelo, Inc.,*
9  Civil Action No. 1:09cv293, 2011 WL 4433597 (N.D. Miss. Sep. 21, 2011); *Cromwell v. New*
10 *York City Health and Hospitals Corp.,* No. 12 Civ. 4251, 2013 WL 6423431 (S.D.N.Y. Dec. 9,
11 2013). Plaintiffs need to be able to collect on their severable FLSA claims, starting now. *Cf.*
12 *Curtiss-Wright,* 446 U.S. at 11 (recognizing that likely delay of "many months, if not years" in
13 payment of debt, absent certification, was an equitable reason for certifying final judgment under
14 Rule 54(b)).
15
16      It has often been said, echoing the 1946 Note of the Advisory Committee on Rules, that
17 Rule 54(b) certification serves to provide a remedy in the "infrequent harsh case." In *Curtiss-*
18 *Wright,* the Supreme Court cautioned that "the phrase 'infrequent harsh case' in isolation is
19 neither workable nor entirely reliable as a benchmark for appellate review." 446 U.S. at 10. Still,
20 it keeps appearing in various guises. One year after *Curtiss-Wright,* the Ninth Circuit described
21 the circumstances warranting Rule 54(b) relief thus:
22
23          Judgments under Rule 54(b) must be reserved for the unusual case in which
            the costs and risks of multiplying the number of proceedings and of
24          overcrowding the appellate docket are outbalanced by pressing needs of the
            litigants for an early and separate judgment as to some claims or parties. ...
25          A similarity of legal or factual issues will weigh heavily against entry of
            judgment under the rule, and in such cases a Rule 54(b) order will be proper
26          only where necessary to avoid a harsh and unjust result, documented by
            further and specific findings.
27
28
                                                5

*Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981).

The case now before the Court is just such an unusual one where failure to certify fewer than all claims would have an unjustly harsh result. It would unnecessarily delay making Plaintiffs whole on their FLSA claims, which are legally and factually separate from the class-action breach-of-contract claim.

For these reasons, the FLSA collective-action Plaintiffs request certification of final judgment on their FLSA claims for unpaid wages and retaliation.

Respectfully submitted this 28th day of February, 2022.

BANES HOREY BERMAN & MILLER, LLC

_____/s/_____
by Richard C. Miller, F0458
Attorney for Plaintiff