Richard C. Miller, F0458
**BANES HOREY BERMAN & MILLER, LLC**
Suite 201, Marianas Business Plaza
P.O. Box 501969
Saipan, MP 96950
Tel.: (670) 234-5684
Fax: (670) 234-5683
Email: RMiller@pacificlawyers.law

*Attorneys for Plaintiffs*

### IN THE DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD., <br><br> Defendants. | Civil Case No. 1:20-cv-00031 <br><br> **MOTION TO APPROVE CLASS NOTICE** <br><br> Judge: Manglona, C.J. <br> Hearing: March 11, 2022 <br> Time: 1:30 p.m. |

## I. INTRODUCTION

In this class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move the Court for an order approving class notice as described herein. The proposed direct notice plan comports with Rule 23(c)(2)(B) and protects class members' due process rights.

## II. BACKGROUND AND LEGAL STANDARD

On March 3, 2021, the Court granted Plaintiffs' Motion to Certify Class Under Fed. R. Civ. P. 23 (Jan. 6, 2021, ECF No. 13) and certified this class action to prosecute Plaintiffs' breach of contract claim, found that Plaintiffs had satisfied Rule 23, subsections (a) and (b)(3),

1

and granted Plaintiffs' request to appoint the undersigned as class counsel. (Civil Minutes, Mar. 3, 2021, ECF No. 30.) The class comprises "all Turkish nationals with whom Defendants contracted to work in construction of the Imperial Palace Hotel in Saipan in 2020 under the H-2B temporary non-agricultural workers program." (Mot. Certify Class, at 1.)

Rule 23(c)(2)(B) governs notice requirements for a class certified under Rule 23(b)(3) and states that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); see also *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173 (1974) ("Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort."). Notice must "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).

Notice may be by "United States mail, electronic means, or other appropriate means." *Id.* For class members whose names and addresses cannot be reasonably ascertained, "courts may use alternative means such as notice through third parties, paid advertising, and/or posting in places frequented by class members, all without offending due process." *Mullins v. Direct Digital, LLC,* 795 F.3d 654, 665 (7th Cir. 2015); see also *Lilly v. Jamba Juice Co.,* 308 F.R.D. 231, 239 (N.D. Cal. 2014) (noting that "an extensive but targeted internet and print media

2

campaign . . . aimed at providing notice to other potential class members," whose contact information was not on file, did not present due process concerns).

### III. PROPOSED NOTICE PLAN

In September 2021, IPI's then-CEO Ray Yumul[1] provided class counsel an Excel spreadsheet listing the names of all class member.[2] A total of 107 persons are named in the spreadsheet. Of these, 29 already are in contact with the class representatives because they "opted in" to the FLSA collective action. The spreadsheet includes contact information – email addres, phone number, and/or mailing address – for only four persons not among the FLSA collective action plaintiffs. The class representatives are in the process of compiling electronic and/or postal addresses for the remaining 75 class members. Class counsel or a class representative will send direct notice to each class member by electronic means using the attached proposed notice form. Lionbridge or a similar translation service will translate the notice into Turkish and certify the translation. The proposed plan will provide "the best notice that is practicable under the circumstances" and "individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). There is no reason to think any class members were left off the list that IPI provided. Plaintiffs submit that if the class representatives succeed in securing good mailing addresses for all persons on the list, no alternative methods, such as publication in a newspaper or journal, are necessary to satisfy Rule 23's notice requirement.

---

[1] IPI still has not made an appearance in this matter through counsel, as required for corporate entities.

[2] The Excel file of the spreadsheet, marked Exhibit 1, will be sent to the Court's electronic mailbox, usdcnmi@nmid.uscourts.gov.

3

Individual notification by email and text messaging has become more and more common as an approved method under Rule 23 in the digital age. *See* Alexander W. Aiken, *Class Action Notice in the Digital Age,* 165 U. Pa. l. Rev. 967, 985 (2017) ("In light of the explosion in personal email use, a number of courts have approved notice plans seeking to send individual notice to class members via email instead of standard mail."). This method has been approved in other cases bringing mixed FLSA and common law claims on behalf of a class of itinerant workers. In *Landry v. Swire Oilfield Services, L.L.C.,* the district court authorized mailings of notice and consent forms to defendant's current and former oilfield workers via postal mail, email, and text message. 252 F. Supp. 3d 1079, 1129 (D.N.M. 2017). It observed that because class members were likely to be dispersed to various worksites throughout the country and away from home for long periods, electronic delivery was most efficient method. *Id.* That concern is relevant to the Turkish laborers who traveled halfway around the world to work construction in Saipan. Furthermore, all class members have been identified, and the class is not so large that it is unfeasible to contact each member directly.[3]

As required by Rule 23(c)(2)(B), the proposed notice describes the nature of the action, defines the class, states the class's claims, informs each class member of his or her right to enter an appearance through an attorney or opt out of the class, gives the deadline and procedure for opting out, and warns of the binding effect on class members who do not opt out. In addition, the notice provides contact information for class counsel. The contents of the notice therefore satisfy all applicable requirements.

//

---

[3] Class counsel will file a status update with the Court before the hearing in this matter if he obtains further information about the progress of securing class members' contact information.

4

### IV. PROPOSED NOTICE SCHEDULE

Within 15 days after the Court's approval of notice, class counsel will secure a certified Turkish translation of the notice.

Within 30 days after the Court's approval of notice, class counsel and/or class representatives will send out the notice to all class members by electronic means (e-mail or direct messaging) or U.S. mail. Where we have multiple "addresses" for a particular class member, we will send notice to all known addresses.

Class members will have until 75 days after the Court's approval of notice in which to submit a valid request for exclusion from the class (opt-out request).[4] Class representatives will report all opt-out requests to class counsel on a weekly basis, and class counsel will track all such requests.

Within 15 days following the deadline for requesting exclusion, class counsel will submit a declaration to the Court describing notification efforts and summarizing all opt-out requests.

### IV. CONCLUSION

Plaintiffs respectfully request that the Court enter an order approving the class notice provided alongside this motion and the proposed schedule set forth above.

Respectfully submitted this 4th day of March, 2022.

                                                    BANES HOREY BERMAN & MILLER, LLC

                                                    /s/
                                                by Richard C. Miller, F0458
                                                Attorney for Plaintiff

---

[4] The period of 75 days ensures that all class members will have at least 45 days in which to submit an opt-out request.