F I L E D
 Clerk
 District Court
MAR 07 2022
for the Northern Mariana Islands
By_____
        (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD.,<br><br>Defendants. | Civil Case No. 1:20-cv-00031<br><br>**ORDER DIRECTING ENTRY OF RULE 54(b) FINAL JUDGMENT** |

Before the Court is Plaintiffs' Motion to Certify Partial Default Judgment as Final Judgment Under Rule 54(b) of the Federal Rules of Civil Procedure (ECF No. 53). For the reasons below, the Court GRANTS Plaintiffs' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The three named Plaintiffs initiated this civil action on behalf of themselves and all others similarly situated H-2B workers recruited from Turkey as a collective action against Defendants Imperial Pacific International (CNMI), LLC and Imperial Pacific International Holdings, Ltd. (collectively "IPI") based on violations of the Fair Labor Standards Act ("FLSA") minimum wage and overtime compensation requirements, and anti-retaliation provision, as well as a state law breach of contract claim. Representing 29 Turkish workers recruited from Turkey by Defendants to work at IPI's hotel construction site, Plaintiffs sought certification as an FLSA collective action which the Court

granted.[1] (Motion, ECF No. 4; Mins., ECF Nos. 11 and 21.) At the hearing for preliminary certification of this FLSA collective action for unpaid wages, Plaintiffs indicated that notice would not be needed as all potential members have already been noticed. (ECF No. 11.) Furthermore, insofar as there are any other potential members, IPI has made discovery for contact information virtually impossible due to IPI's failure to appear in this action. The Court agreed with Plaintiffs that this collective action does not preclude other potential plaintiffs from bringing an independent FLSA cause of action against IPI. Thus, Plaintiffs' request for court-issued notice was withdrawn and the collective action was certified. (Min., Dec. 30, 2020, ECF No. 11 (preliminary certification); Min., Feb. 8, 2021, ECF No. 21 (final certification).)

IPI subsequently defaulted for failure to plead or otherwise defend (ECF No. 10); to date, IPI has not appeared in this action.[2]

The Court entered partial default judgment on February 24, 2022 for the total amount of $477,935.91 in damages due under the FLSA (ECF No. 52). For the first FLSA cause of action, the Court awarded $312,288.91 in unpaid minimum and overtime wages as well as liquidated damages. For the second FLSA cause of action regarding retaliation, the Court awarded $165,647.00 in punitive

---

[1] The Court also later granted Plaintiffs' motion for class action certification under Rule 23 of the Federal Rules of Civil Procedure for Plaintiffs' breach of contract cause of action. (Mem. Dec. and Order Granting Plaintiffs' Mot. for Rule 23 Class Action Certification, ECF No. 45.) While members of an FLSA collective action must affirmatively opt-in to receive any remedy, those in a class action certified under Federal Rule of Civil Procedure 23(b)(3) automatically receive remedies unless they opt-out. Fed. R. Civ. P. 23(c)(2)(B)(v). Here, the Court determined that the class action may be certified under Rule 23(a) and 23(b)(3). (*See* ECF No. 45 at 6.)

[2] The Court noted for the record that IPI's Chief Executive Officer Ray Yumul, IPI's Representative Tao Xing, and legal counsel George Hasselback were present in the courtroom during the February 8, 2021 motion hearing, but elected not to enter their appearance in the case. (Min., ECF No. 21.)

damages. Although the breach of contract claim remains pending, Plaintiffs now seek an entry of final judgment on these FLSA claims pursuant to Rule 54(b).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." A district court must first determine that it has rendered a "final judgment," that is, a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). Then it must determine whether there is any just reason for delay by taking "into account judicial administrative interests as well as the equities involved." *Id*. at 8. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id*.  (quoting *Mackey*, 351 U.S. at 437). A key question is "whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. Nevertheless, this does not "suggest that claims with overlapping facts are foreclosed from being separate for purposes of Rule 54(b). Certainly they are not." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881 (9th Cir. 2005). But it does require "a seriously important reason" for appellate courts to review the same set of facts. *Id*. at 882.

## III.    DISCUSSION

In this case, the Court's default judgment on the FLSA claims decides two cognizable claims:

3

FLSA violations for unpaid minimum and overtime wages, and violation of the FLSA's anti-retaliation provision. The Court has fully determined the amount of unpaid minimum and overtime wages due as well as liquidated damages; it has also identified the relief available under the FLSA and the attendant damages owed under that relief. Therefore, the Decision and Order Granting Partial Default Judgment is final as to the two FLSA claims.

Having found the entry of partial default judgment to be final as to the FLSA claims, the Court next turns to determine if there is no just reason for delay for an entry of final judgment. Plaintiffs' FLSA claims are factually and legally distinguishable from their remaining breach of contract claim. The FLSA collective action claim sought compensation for a limited period of time when there were unpaid minimum and overtime wages for actual hours worked, and for retaliation when the workers protested. The 29 identified Plaintiffs are "opt-in" members of the FLSA collective action. By contrast, the breach of contract claim has been certified as an "opt-out" class action that potentially affects dozens more laborers, and this claim seeks compensation beyond the FLSA's statutory guarantees. These include compensation for IPI's failures to pay their contractual rates, to provide appropriate amenities such as Turkish meals, to provide health and workmen's compensation insurance, and other such contractual agreements. The vast majority of IPI's failures in Plaintiffs' breach of contract claim do not overlap with Plaintiffs' FLSA causes of action. Any overlap would not burden the appellate court in deciding the same factual and legal issues twice. Thus, the FLSA and breach of contract causes of action are distinct and separable.

Equity also favors certifying final judgment. *Curtiss-Wright Corp.*, 466 U.S. at 8 ("[A] district court must take into account judicial administrative interests as well as the equities involved.") Plaintiffs have made significant financial and other personal investments in their travel to and employment in Saipan. They have suffered from the mistreatment by IPI and continue to face financial distress. The breach of contract claim is still in the early stages of litigation and therefore, Plaintiffs face a harsh result if no judgment is rendered in their FLSA causes of action. Thus, the balance of equities tips in favor of a final judgment for Plaintiffs.

### IV.   CONCLUSION

Finding no just reason for delay for entry of final judgment on Plaintiffs' FLSA claims, and pursuant to Federal Rule of Civil Procedure 54(b), the Court grants Plaintiffs' motion and hereby directs the Clerk of Court to enter final judgment in favor of Plaintiffs in the amount of $477,935.91 and as against Defendants Imperial Pacific International (CNMI), LLC and Imperial Pacific International Holdings, Ltd. for this FLSA collective action comprised of 29 members listed in the attached Exhibit A, and incorporated herein.[3] Plaintiff shall also be awarded post judgment interest as well as attorneys' fees and costs. *See* 29 U.S.C. § 216(b) (allowing reasonable attorney's fees and costs

---

[3] Federal Rule of Civil Procedure 54(b) also contemplates entering judgment against multiple parties. In this Court's decision in *Wang v. Gold Mantis Const. Decoration, LLC et al.*, the Court expressed concerns over potential inconsistencies in judgments if the Court were to award default judgment against a defaulting defendant, but similarly situated defendants who remained active in the case were then to be found not liable on the merits. 2020 WL 6928392 (D. N. Mar. I. Nov. 25, 2020) reconsidered on other grounds, 2021 WL 2065398 (D. N. Mar. I. May 24, 2021). The Court therefore found just reason for delay. *Id*. Here, however, a third defendant originally part of the action has since been dismissed (Order Granting Mot. for Voluntary Dismissal, ECF No. 44), and this final judgment applies to both defaulted Defendants. The third defendant, additionally, was not directly tied to Plaintiffs' FLSA causes of action but rather the breach of contract claim. Thus, the concerns in *Wang* do not apply here.

of the action to be paid by defendant).

IT IS SO ORDERED this 7th day of March, 2022.

                                                    RAMONA V. MANGLONA
                                                    Chief Judge