FILED
Clerk
District Court
MAY 25 2022
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS, LTD.,<br><br>Defendants. | Civil Case No. 1:20-cv-00031<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR WRIT OF EXECUTION** |

Before the Court is Plaintiffs application for a writ of execution (App., ECF No. 62) upon the judgment rendered on March 16, 2022 (ECF No. 57) in the amount of **$477,935.91** plus post judgment interest, fees, and costs in this case. Plaintiffs included with their writ application a proposed Notice of Writ of Execution informing Defendants of their rights. (Ex. 4 Notice, ECF No. 62-4). Plaintiffs note that "[m]uch of Defendants' personal property already has been inventoried by other judgment creditors of one or both Defendants." (App. 3.) They also acknowledge that a receiver was appointed in a separate matter but that the receivership is currently stayed. Plaintiffs now request "that the Court authorize the receivers to sell sufficient assets to satisfy Plaintiffs' judgment, or release sufficient assets for Plaintiffs to sell to satisfy the judgment"

1

"[i]f all of judgment debtors' personal property in the CNMI is in the custody and control of receivers." (App. 3.)

Rule 69(a)(1) of the Federal Rules of Civil Procedure governs the execution and enforcement of money judgments. It states: "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Commonwealth law governing writs, 7 CMC § 4203, provide that: "The court, at the request of the party recovering any civil judgment in that court for the payment of money, shall issue a writ of execution against the personal property of the party against whom the judgment has been rendered, except as provided in 7 CMC § 4210. "As a rule, a writ of execution is not leviable upon all the debtor's property if that would be more than sufficient to satisfy the execution." 30 Am. Jur. 2d Execution, Etc. § 122 (May 2022); s*ee Griggs v. Miller*, 374 S.W.2d 119, 124 (Mo. 1963) ("[T]he receipt of the second execution does not justify the sale of more land than would be proper under the advertised execution."); *Beavans v. Groff*, 5 N.E.2d 514, 517 (Ind. 1937) ("Appellee was not entitled to have all of the real estate subjected to execution, as a matter of right, but only sufficient of it to discharge his judgment[.]");

Here, Plaintiffs have explicitly stated that the sale of assets would be limited to what is sufficient to satisfy their judgment. Yet Plaintiffs seek to avail of the benefits of the receivership without formally moving to be part of the receivership. Relief may be available if Plaintiffs attach themselves to the receivership pending in *U.S.A. Fanter Corp., Ltd. v. Imperial Pacific*

*International (CNMI), LLC*, Civ. Case No. 1:20-cv-00003; the Court cannot otherwise allow Plaintiffs to enter into the receivership without a formal motion or agreement with the other judgment creditors. Therefore, Plaintiffs application for a writ of execution (ECF No. 62) is DENIED without prejudice.

IT IS SO ORDERED this 25th day of May, 2022.

/s/ Ramona V. Manglona

RAMONA V. MANGLONA
Chief Judge