**Richard C. Miller, F0458**
**BANES HOREY BERMAN & MILLER, LLC**
**Suite 201, Marianas Business Plaza**
P.O. Box 501969
**Saipan, MP 96950**
Tel.: (670) 234-5684
Fax: (670) 234-5683
Email: RMiller@pacificlawyers.law

*Attorneys for Plaintiffs*

## IN THE DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other persons similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD.,**<br><br>**Defendants.** | **Civil Case No. 1:20-cv-00031**<br><br>**MOTION TO PARTICIPATE IN THE RECEIVERSHIP IN** *U.S.A. FANTER CORP., LTD. V. IMPERIAL PACIFIC INTERNATIONAL (CNMI), LTD.,* **CASE NO. 1:20-CV-00003**<br><br>**Judge: Manglona, C.J.**<br>**Hearing:**<br>**Time:** |
| **U.S.A. FANTER CORPORATION, LTD.,**<br><br>Plaintiff,<br><br>vs.<br><br>**IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,**<br><br>**Defendant.** | **Civil Case No. 1:20-cv-00003** |

Plaintiffs respectfully request that the Court permit them to participate in the receivership established in *U.S.A. Fanter Corp., Ltd., v. Imperial Pacific International (CNMI), Ltd.,* Case

1

No. 1:30-cv-00003, for the purpose of selling assets to satisfy their judgment against Defendants in the above-captioned matter.

On March 7, 2022, the Court issued an Order Directing Entry of Rule 54(b) Final Judgment (ECF No. 55), in the amount of $477,935.91, plus post-judgment interest and attorneys' fees and costs, on Plaintiffs' FLSA claims. On March 16, 2022, the Clerk entered judgment (ECF No. 57).

Because more than 30 days have passed since entry of judgment, the automatic stay of execution and enforcement proceedings under Fed. R. Civ. P. 62 is no longer in effect.

Defendants have not posted bond or other security or obtained an order staying execution on the judgment.

Defendants have not filed a notice of appeal within 30 days after entry of the judgment as required under Fed. R. App. P. 4(a)(1)(A).

As of the date of this application, judgment debtors have made no payments on the judgment debt.

On May 9, 2022, Plaintiffs filed an application for a writ of execution (ECF No. 62). On May 25, 2022, the Court denied the application (Order, ECF No. 63). In its order, the Court stated, "Relief may be available if Plaintiffs attach themselves to the receivership pending in *U.S.A. Fanter ...*" (Order, at 2). In *U.S.A. Fanter,* on October 26, 2021, the Court appointed a limited receiver and set terms of the receivership in favor of Plaintiff U.S.A. Fanter Corporation, Ltd. (Memorandum Decision, ECF No. 166). The Court also granted leave to judgment creditors against IPI in *Wang et al. v. IPI,* Case No. 1:18-cv-00030, and *Ping Shun Corp. v. IPI,* Case No. 1:20-cv-00012 – designated "Other Creditors" in the Memorandum Decision – to file a motion or submit a stipulation requesting the Court to amend its order to increase the amount the receiver

would aim to collect so as to satisfy their judgments as well as U.S.A. Fanter's (Memo. Dec. at 19). On December 10, 2021, the Other Creditors filed such a motion (ECF No. 204). Ultimately the *Ping Shun* plaintiffs were fully secured by bonds and withdrew their motion to amend. (*See* Order, Mar. 16, 2022, ECF No. 246.) Having established a receivership to satisfy one judgment creditor, the Court has discretion to continue the receivership for the benefit of other judgment creditors and to "ensure that the receiver will not deplete all of the debtor's assets on behalf of one creditor, leaving other creditors without remedy." *WB Music Corp. v. Royce Int'l Broadcasting Corp.,* Case No. EDCV 16-600 JGB, 2021 WL 3721342, at *2 (C.D. Cal. Mar. 18, 2021) (quoting *Consolidated Rail Corp. v. Fore River Ry. Co.,* 861 F.2d 322, 328 (1st Cir. 1988). A trial court "may, in the interests of equity, exercise its discretion to continue a receivership even though the judgment of the petitioning creditor has been satisfied." *Milo v. Curtis,* 651 N.E. 2d 1340, 1344 (Ohio App. 1994). The Court has already done so by substituting the *Wang* plaintiffs. Inclusion of the judgment creditor Plaintiffs in the case at bar is merely a natural extension of that principle.

WHEREFORE Plaintiffs respectfully request permission to participate in the *U.S.A Fanter* receivership.

Respectfully submitted this 14th day of June, 2022.

BANES HOREY BERMAN & MILLER, LLC

/s/
by Richard C. Miller, F0458
Attorney for Plaintiff