**Richard C. Miller, F0458**
**BANES HOREY BERMAN & MILLER, LLC**
**Suite 201, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP 96950**
**Tel.: (670) 234-5684**
**Fax: (670) 234-5683**
**Email: RMiller@pacificlawyers.law**

*Attorneys for Plaintiffs*

# IN THE DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all others similarly situated, <br><br>Plaintiffs,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD., and IDS DEVELOPMENT MANAGEMENT & CONSULTANCY,<br><br>Defendants. | Case No. 1:20-CV-00031<br><br>**PLAINTIFFS' REQUEST FOR ATTORNEY FEES AND COSTS** |

Counsel for Plaintiffs respectfully requests that the Court award attorney fees and costs under the Fair Labor Standards Act ("FLSA") in the amount of $23,184.00 in attorney fees and $9,895.04 in costs, for a total of $33,079.04. This request is supported by a declaration of undersigned counsel and two exhibits, a table of attorney fees and costs (Exhibit 1) and the affidavit of translator/interpreter Orhan Kurtoglu (Exhibit 2).

On February 24, 2022, the Court issued a Decision and Order Granting Plaintiffs' Motion for Partial Summary Judgment on their claims under the FLSA (ECF No. 52).

On March 16, 2022, the Clerk issued Judgment in a Civil Action (ECF No. 57) in favor of Plaintiffs, in the amount of $477,935.91 plus post-judgment interest and attorney fees and costs.

The FLSA provides that the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). If plaintiffs prevail, the award of attorney's fees is mandatory. *Gary v. Carbon Cycle Ariz. LLC,* 398 F. Supp. 3d 468, 478 (D. Ariz. 2019) (citing *Houser v. Matson,* 447 F.2d 860, 863 (9th Cir. 1971)). The court must calculate reasonable attorney's fees by the lodestar method, i.e., by "multiplying reasonably expended hours by a reasonable hourly rate," typically based on "the prevailing rate for similarly skilled and experienced attorneys in the forum where the court sits." *Xerox Corp. v. Imperial Pacific Int'l (CNMI), LLC,* Order Amending Default Judgment and Granting Plaintiff Prejudgment Interest, Attorneys' Fees and Costs, ECF No. 24, Case No. 1:20-cv-00037, 2021 WL 6884602, at *2 (D. N. Mar. I. Aug. 9, 2021) (citing *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978–80 (9th Cir. 2008)). The party requesting the award has the burden "to provide satisfactory evidence of the prevailing market rate." *Id.*

The lodestar amount is "presumptively reasonable, but the court can adjust it upwards or downwards based on other considerations." *Id.* (citing *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1046 (9th Cir. 2000)). Before the widespread adoption of the lodestar method's two-step procedure, courts evaluated the reasonableness of the requested attorney fee by applying twelve factors set forth in *Kerr v. Screen Guild Extras, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). *Yahoo!, Inc. v. Net Games, Inc.,* 329 F. Supp. 2d 1179 (N.D. Cal. 2004). The first five

*Kerr* factors are now subsumed in the lodestar calculation and are no longer a basis to adjust upwards or downwards. *Morales v. City of San Rafael,* 96 F.3d 359, 363–64 (9th Cir. 1996).

In its Order in *Xerox Corporation, supra,* the Court applied the lodestar method and determined that $225.00 per hour is a reasonable rate for Richard C. Miller, Esq., and that $295.00 per hour is a reasonable rate for David G. Banes, Esq.

In this matter, Mr. Miller requests a rate of $240.00 per hour, an increase of 6⅔ percent from the rate the Court applied in *Xerox,* in light of the fact that in this case, unlike in *Xerox,* he has been the lead attorney, and the vast majority of the attorney work on the case was by him. The work included management of records for 29 non-English-speaking members of the FLSA collective action class, and presented a legal issue of first impression in this jurisdiction: the availability of punitive damages for FLSA violations. These factors merit a modest increase in hourly rate over that which the Court found reasonable for Mr. Miller in *Xerox,* where he was not lead counsel and billed only 0.8 hours.

Joseph E. Horey, Esq., also did some work on this matter and billed time. Mr. Horey is a member of Banes Horey and has worked there and its predecessor firm since 1996. He is a member CNMI and New York bars. He has appeared frequently in the Court, and the Court can call on its own experience of the quality of his work, in such matters as *Pangelinan v. United States,* Case No. 1:19-cv-00015, where he secured a favorable result for an incarcerated individual who was serving an illegal sentence. The Court has approved rates as high as $300.00 per hour for local attorneys who, like Mr. Horey, have more than 20 years' experience. *Xerox,* Order at 5. In *Xerox,* the Court approved as reasonable a rate of $295.00 per hour for the firm's managing member, David G. Banes. Mr. Horey's tenure in the firm and in practice in Saipan is

nearly as long as Mr. Banes's. It is submitted that a rate of $285.00 per hour is reasonable compensation for Mr. Horey's time.

There is also one hour of paralegal time for drafting initial damages calculations. This is billed at $150.00 per hour.

The attorney hours expended, 97.20, as shown in Exhibit 1, are reasonable for a case that has been in litigation for nearly two years and has required numerous hearings, including evidentiary hearings on damages. In proportion to the judgment, the requested attorney fees are quite low – 5 percent – in comparison to what a reasonable contingency fee would be for this matter (at least 25 percent).

As to costs, the largest single expense (see Exhibit 1) was for interpreter/translator services. Such services are compensable in an award of costs under the FLSA. *Douglas v. Anthem Productions, LLC,* 2020 WL 2631496, at *6 (S.D.N.Y. May 26, 2020); 28 U.S.C § 1920(6) (permitting court to tax cost of compensation of interpreters). None of the named plaintiffs spoke English well enough to have a simple conversation, let alone to converse about important legal matters during office conferences or understand legal papers in English. For the first few months of the representation, Orhan Kurtoglu, a Saipan resident fluent in Turkish and English and a friend of some of the workers, offered his services, with the understanding that any compensation would come only when the Court awarded fees and costs. Mr. Kurtoglu charged $55.00 per hour. His sworn affidavit attesting to his hours worked is attached to this request as Exhibit 2. On two occasions, it was necessary to engage a professional translation service, Lionbridge. When exact translation/interpretation was not essential, counsel and clients controlled costs by using Google Translate and similar apps. Also, F. Mert Oztuna, a member of

4

the collective who now works in Guam and has developed facility in English, has frequently served as a translator without charge.

As the Court is aware, the parties have agreed to compromise the FLSA judgment in exchange for a one-time payment, which Defendants have already tendered, of $480,000.00, of which $30,000.00 has been allocated for payment of fees and costs. (Motion to Approve Compromise Settlement of FLSA Judgment, ECF No. 68.) If the Court approves counsel's request of fees and costs in the amount of $33,079.04, the actual recovery will be capped at $30,000.00.

Respectfully submitted this 7th day of October, 2022.

BANES HOREY BERMAN & MILLER, LLC

_____/s/_____
by Richard C. Miller, F0458
Attorneys for Plaintiffs