F I L E D
 Clerk
 District Court
NOV 12 2022
for the Northern Mariana Islands
By_____
           (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖÇKE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS, LTD.,<br><br>Defendants. | Civil Case No. 1:20-cv-00031<br><br>**DECISION & ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE FLSA SETTLEMENT AND ACKNOWLEDGMENT OF SATISFACTION OF FINAL JUDGMENT FOR THE FLSA CLAIMS; AND**<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS** |

The three named Plaintiffs brought this collective action for unpaid minimum and overtime wages as well as a retaliation claim under the Fair Labor Standards Act ("FLSA") on behalf of 29 Turkish workers formerly employed by Defendant Imperial Pacific International (CNMI), LLC ("IPI").[1] IPI's parent company Imperial Pacific International Holdings, Ltd. was also sued, and neither Defendant has entered an appearance in this action or otherwise defended against any of the claims. In March 2022, the Court entered partial default judgment in favor of Plaintiffs for their FLSA causes of action totaling $477,935.91, plus post-judgment interest and attorney's fees and costs. (J., ECF No. 57.) Now before the Court is Plaintiffs' Motion to Approve Compromise Settlement of FLSA Judgment and Acknowledgment of Satisfaction of Judgment for a total settlement amount of $450,000.00. (Mot. to Approve FLSA Settlement, ECF No. 68; Proposed Distribution of Settlement

---

[1] Plaintiffs additionally assert a third cause of action for breach of contract against Defendants. (Compl. 13, ECF No. 1.) At the hearing on the motion for approval of the FLSA settlement, Plaintiffs' counsel informed the Court that Plaintiffs are still pursuing the breach of contract claim; the settlement does not affect this third claim. (Min., ECF No. 72.)

Amount, ECF No. 69.) In addition, Plaintiffs seek attorney's fees and costs pursuant to the FLSA for a total amount of $30,000.00. (Mot. for Attorney's Fees, ECF No. 70; Decl. Miller, ECF No. 70-1; Table of Attorney's Fees and Costs, ECF No. 70-2; Aff. Kurtoglu, ECF No. 70-3 (interpreter fees).) A hearing on the matter was held, and having considered the filings, arguments, and applicable law, the Court GRANTS Plaintiffs' motion to approve the FLSA settlement totaling $450,000.00, and GRANTS Plaintiffs' motion for attorney's fees and costs totaling $30,000.00.

## I. BACKGROUND

Final judgment on Plaintiffs' FLSA causes of action was entered in the amount of $477,935.91 plus post-judgment interest and attorneys' fees and costs in March 2022. (ECF No. 57.) Of this amount, $312,288.91 constitutes unpaid wages and liquidated damages for Plaintiffs' first FLSA cause of action, and $165,647.00 constitutes punitive damages for the second FLSA cause of action for retaliation. (Decision and Order Granting Default J. 2, ECF No. 52.)

Seven months after judgment was entered, Plaintiffs informed the Court that the parties agreed to compromise the amount of principal and interest due to Plaintiffs under the Judgment for a total sum of $450,000.00. (Mot. to Approve FLSA Settlement 2 ¶ 4, ECF No. 68.) According to Plaintiffs, the entirety of unpaid wages and liquidated damages under the first FLSA claim will be paid by Defendants out of the settlement amount, and only punitive damages under the second FLSA claim for retaliation is compromised. (Proposed Distribution of Settlement Amount 1-2, ECF No. 69.) "Under the settlement with IPI, after full payment of the award for unpaid wages and liquidated damages, there remains $137,711.09 as the compromise of punitive damages." (*Id*. at 2.) Thus, Plaintiffs will not receive $27,945.91 of the original $165,657.00 in punitive damages.

Finally, the parties agreed to the maximum amount of $30,000 for attorneys' fees and costs.

(ECF No. 68 at 2 ¶ 6.) Plaintiffs seek attorney's fees for work performed by Attorneys Richard C. Miller at an hourly rate of $240 for 92.70 hours expended, Joseph E. Horey at an hourly rate of $285 for 1.8 hours,[2] and David G. Banes at an hourly rate of $295 for 0.7 hours.[3] (*See* ECF No. 70-2.) Plaintiffs also seek compensation for the use of a paralegal at an hourly rate of $150 for 2 hours. (*Id*. at 4.) In sum, total attorney's fees requested is $23,184.00. (*Id*. at 6.) Additionally, Plaintiffs seek total costs of $9,895.04, inclusive for a Turkish interpreter's fees. (*Id*. at 7.) The total amount of attorneys' fees and costs is $33,079.04 (Mot. for Attorney's Fees 5), but as a compromise, Plaintiffs only seek a maximum amount of $30,000.00.

The total amount paid by Defendants to Plaintiffs' attorney is $480,000 for the FLSA collective action claims and attorney's fees and costs, which sum was tendered on October 5, 2022. (ECF No. 68 at 2 ¶ 7.)

**II. LEGAL STANDARD**

**A. FLSA Settlement**

Congress passed the Fair Labor Standards Act in 1938 to protect workers from "substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight System, Inc*., 450 U.S. 728, 739 (1981). Under the FLSA, employers are required to pay their employees no less than a specified minimum wage for work performed, 29 U.S.C. § 206, and at least one and one-half times an employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207(a)(1). Furthermore, an employer who violates §§ 206 or 207 is liable to employees affected for

---

[2] Although Plaintiffs seek compensation for Mr. Horey at an hourly rate of $285, at least one billing entry identifies his hourly rate at $240. (ECF No. 70-2 at 4.)

[3] Although the Court has previously determined that a hourly rate of $295 is reasonable for Mr. Banes in other matters, the Court notes that there is one billing entry for "DGB" at an hourly rate of $240. (Mot. for Attorney's Fees 3, ECF No. 70; Table of Attorney's Fees & Costs 4, ECF No. 70-2.)

the amount of unpaid minimum wages or overtime compensation, and for an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). Finally, an employer that is liable for retaliation under the FLSA, *see* 29 U.S.C. § 215(a)(3), may be required to provide legal or equitable relief. 29 U.S.C. § 216(b).

Claims for unpaid wages under the FLSA may only be waived or otherwise settled if settlement is supervised by the Secretary of Labor or approved by a district court. *See Kerzich v. Cnty. of Tuolumne*, 335 F. Supp. 3d 1179, 1183 (E.D. Cal. 2018). "An FLSA settlement should only be approved if (1) there is a bona fide dispute regarding the existence and extent of FLSA liability, and (2) the settlement is a fair and reasonable resolution to that dispute." *Del Gallego Demapan v. Zeng's American Corp.*, 2019 WL 1120019, at *2 (D. N. Mar. I. Mar. 11, 2019) (citing *Kerzich*, 335 F. Supp. 3d at 1183). "The guarantees of the FLSA cannot be contracted away; therefore, no settlement should be approved if there is certainty about the amount owed to the plaintiffs under the FLSA, 'because it would shield employers from the full cost of complying with the statute.'" *Id*. Once the court has determined that there is a bona fide dispute, it must then determine if the settlement agreement is fair and reasonable using the Rule 23 factors assessing class action settlements. *Id*.

**B. FLSA Attorney's Fees**

The FLSA has a fee-shifting provision. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "Attorney's fees are part of FLSA settlements and the court must also assess them for reasonableness and fairness, particularly as to the possibility that the fee tainted the reasonableness of the settlement for the plaintiff." *Demapan*, 2019 WL 1120019 at *2 (citing *Farthing v. Taher, Inc.*, 2017 WL 5310681, at *2 (C.D. Cal. Nov. 9, 2017)).

Attorney's fees in FLSA cases are typically determined using the lodestar method by calculating hours expended and hourly rates. *Kerzich*, 335 F. Supp. 3d at 1185-86. The lodestar method requires multiplying the hours "reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). To determine if the rate is reasonable, the court must identify the prevailing hourly rate for the relevant community. *Id*. at 979. In most cases, "the relevant community is the forum in which the district sits." *Id*. Once the relevant community is determined, the court must then determine the appropriate market rate for the attorney based on the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id*. (internal quotation omitted). The burden is on the party requesting the fees to provide satisfactory evidence of the prevailing market rate. *Id*. at 980.

To determine the reasonableness of the number of hours worked, the court cannot simply accept the hours presented by the attorney requesting fees, but instead must require that party prove that it exercised billing judgment for the hours billed. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cri. 2000) (quoting *Henseley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The lodestar amount is presumptively reasonable, but the court can adjust it upwards or downwards based on other considerations. *Van Gerwen*, 214 F.3d at 1046. Thus, after calculating the

lodestar figure, the second step is for the court to assess the rate for reasonableness based on the *Kerr* factors.[4] *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996). The court should not consider factors that are already subsumed into the lodestar amount such as novelty, complexity, skill, experience, quality of representation and results obtained. *Id*. at 364 n.9. Only in rare cases should the rate be adjusted. *Id*.

### III.  DISCUSSION

Plaintiffs and Defendants have agreed to compromise the amount of principal and interest due to Plaintiffs under the judgment for a total sum of $450,000. (Mot. 2 ¶ 4.) This settlement amount fully compensates Plaintiffs for their first FLSA cause of action for unpaid wages and liquidated damages, which totaled $312,288.91, and compromises only the second FLSA cause of action for punitive damages. (*Id*. ¶ 5.) Defendants, by paying the settlement amount that compensates all Plaintiffs for their collective action, concede that Plaintiffs are entitled to the unpaid wages and liquidated damages owed in the judgment. Furthermore, the settlement amount includes payment of 83% of the punitive damages awarded by the Court. Because the Plaintiffs will receive 100% of the unpaid wages and liquidated damages guaranteed to them under the FLSA, and 83% of the punitive damages previously determined by this Court, this compromise is fair and reasonable.

The parties also agreed to compromise the Plaintiffs' petition for attorneys' fees and costs at the maximum amount of $30,000. (*Id*. ¶ 6.) The FLSA mandates that the court allow a reasonable

---

[4] These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

attorney's fees to be paid by the defendant, and costs of the action. 29 U.S.C. § 216(b). Accordingly, the Court will grant Plaintiffs' motion for attorney's fees and costs for the total sum of $30,000.

### A. FLSA Settlement

As to the first FLSA cause of action for unpaid minimum and overtime wages, the Court finds the analysis of whether a bona fide dispute exists unnecessary. Ordinarily, parties must establish that a bona fide dispute exists as to the extent of FLSA liability because such liability has yet to be definitively established through a judgment. Thus, parties usually seek judgment *after* a settlement agreement is reached. *See Zhou v. Wang's Restaurant*, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007) ("The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness."); *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012) ("[A]n employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement."). However, in this case, there can be no bona fide dispute on the extent of FLSA liability precisely because liability has already been established through a judgment in favor of Plaintiffs. Defendants' willingness to fully settle Plaintiffs' FLSA claims for unpaid minimum and overtime wages as well as their continued absence in this case indicates Defendants' concession to their own liability with respect to the FLSA claims. Therefore, no bona fide dispute exists as to the damages owed under the first FLSA cause of action and that is no bar to an FLSA settlement.

The Court also finds that a bona fide dispute analysis is unnecessary in the context of punitive damages awarded for Plaintiffs' second FLSA claim for retaliation. The Court has not found any

caselaw to suggest that a compromise of a punitive damages award necessitates court approval, let alone approval by the Secretary of Labor. Rather, caselaw requiring such approval is usually in the context of minimum and overtime wages—a sensible mandate given the nature of federal minimum wages laws. *See Demapan*, 2019 WL 1120019, at *2 (referencing FLSA settlements in the context of wages and overtime). Furthermore, punitive damages are generally discretionary and requires courts to perform a balancing act; this is in stark contrast to the mandatory nature of the minimum and overtime wage provisions of the FLSA. While employers may not refuse to pay minimum wages owed, courts have the discretion to award punitive damages or not. Thus, the Court finds that a bona fide dispute is not required to settle an award of punitive damages, and further finds the compromise of $137,711.09 in punitive damages here reasonable.

In summary, the Court finds that the settlement amount is fair and reasonable given that it covers a substantial portion of the original judgment owed. In particular, all of Plaintiffs' unpaid wages and liquidated damages are compensated for, and punitive damages are only slightly compromised.

**B. Attorney's Fees**

Plaintiffs request compensation for their attorneys Richard C. Miller, Joseph E. Horey, and David G. Banes. Plaintiffs additionally request fees for hours expended by a paralegal. The total sum of attorneys' fees requested (including the paralegal) is $23,184.00 for 97.20 hours worked. (ECF No. 70-2 at 6.) Having reviewed the submissions, the Court will award a total of $23,147.50 for the 97.20 hours performed for the following reasons.

/ /

/

| Attorney | Total Hours | Hourly Rate Requested | Hourly Rate Awarded | Total Fee Requested | Total Fee Awarded |
|---|---|---|---|---|---|
| Richard C. Miller | 92.7 | $240 | $240 | $22,248.00 | $22,248.00 |
| Joseph E. Horey | 1.8 | $285 | $285 | $468.00 | $513.00 |
| David G. Banes | 0.7 | $295 | $295 | $168.00 | $206.50 |
| Paralegal | 2 | $150 | $90 | $300.00 | $180.00 |
| TOTAL | 97.2 | | | $23,184.00 | $23,147.50 |

1. Richard C. Miller

For Richard C. Miller, he is a local practitioner and so the relevant community is the forum in which the district court sits. Therefore, the Court must determine the prevailing hourly rate for similar work by comparable attorneys in Saipan. Plaintiffs are asking for a rate of $240 per hour, based on the fact that "he has been the lead attorney, and the vast majority of the attorney work on the case was by him." (Mot. for Atty's Fees 3, ECF No. 70.) "The work included management of records for 20 non-English-speaking members of the FLSA collective action class, and presented a legal issue of first impression in this jurisdiction: the availability of punitive damages for FLSA violations. These factors merit a modest increase in hourly rate over that which the Court found reasonable for Mr. Miller in *Xerox*, where he was not lead counsel and billed only 0.8 hours." (*Id.*)

In *Xerox Corp. v. Imperial Pacific International (CNMI), LLC*, Civ. Case No. 1:20-cv-00037, a simple breach of contract claim, the Court applied the lodestar method and determined that $225.00 per hour is a reasonable rate for Mr. Miller based on his over 15 years of experience and status at the firm as a named partner. Order Am. Default J. and Granting Pl. Prejudgment Interest, Attorney's Fees

and Costs, *Xerox*, Civ. Case No. 1:20-cv-00037 (D. N. Mar. I. Aug. 9, 2021), ECF No. 24 at 7. Separately, another attorney was awarded an hourly rate of $250 in an FLSA matter based on more than twenty years of experience. *See* Order Awarding Plaintiff Attorney Fees and Costs 10, *Xuan v. Joo Yeon Corp. v. Se Young Corp.*, Civ Case No. 1:12-cv-00032 (D. N. Mar. I. Jan. 27, 2017), ECF No. 226. In addition to these considerations, Mr. Miller has performed extensive work in this FLSA collective action. Based on these facts and the complexity that comes with collective and class actions, the Court finds that $240.00 is a reasonable rate for an attorney of similar skill, reputation, and experience.

Mr. Miller billed 92.70 hours in relation to Plaintiffs' FLSA action. These hours expended are reasonable because the majority of the work was performed by Mr. Miller who has carried this FLSA cause of action all the way through judgment. Thus, the Court finds that a rate of $240.00 per hour, for 92.70 hours performed, results in a reasonable fee award of $22,248.00.

2. Joseph E. Horey

Plaintiffs further seek compensation in attorney's fees for Joseph E. Horey, also a named partner of the firm. He has worked for the firm since 1996 and is a member of the CNMI and New York bars. The Court has approved rates as high as $300.00 per hour for local attorneys with more than 20 years' experience. *See* Am. Order Granting Attorneys' Fees 12, *Wang et al. v. Gold Mantis Const. Decoration (CNMI), LLC*, Civ. Case No. 1:18-cv-00030 (D. N. Mar. I. May 6, 2020), ECF No. 108. In *Xerox*, the Court approved a rate of $295.00 per hour for the firm's managing member, David G. Banes. *See* Order Am. Default J. and Granting Pl. Prejudgment Interest, Attorney's Fees and Costs, *Xerox*, Civ. Case No. 1:20-cv-00037 (D. N. Mar. I. Aug. 9, 2021), ECF No. 24 at 5. As submitted by Plaintiffs: "Mr. Horey's tenure in the firm and in practice in Saipan is nearly as long as Mr. Banes's.

It is submitted that a rate of $285.00 per hour is reasonable compensation for Mr. Horey's time." (ECF No. 70 at 3.) The Court agrees and finds that Mr. Horey's rate of $285.00 reasonable for someone of similar skill, reputation, and experience.

Here, Mr. Horey billed 1.8 hours in relation to this FLSA cause of action. The hours expended are reasonable as the majority of the work was performed by Mr. Miller. At an hourly rate of $285 and 1.8 hours of work expended, the Court finds that Plaintiffs' requested fee amount totaling $513.00 reasonable.[5]

3. David G. Banes

Plaintiffs submit one billing entry for "DGB" at a hourly rate of $240 and 0.70 hours for the amount of $168. (ECF No. 70-2 at 4.) The Court finds that this entry is for the firm's named and managing partner, David G. Banes. As previously identified, the Court has found in other matters that Mr. Banes's rate of $295.00 reasonable. With just a single entry of 0.70 hours billed in relation to this FLSA action, the Court finds that a total of $206.50 acceptable.

4. Paralegal

Plaintiffs also seek the compensation for paralegal services totaling 2 hours at a hourly a rate of $150. (ECF No. 70-2 at 4.) Plaintiffs do not provide any information on the paralegal's background or arguments on the reasonableness of the paralegal's rates, and therefore fails to satisfy the Lodestar requirement. Nevertheless, the Court may take judicial notice of its own records. *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1976). The Court has previously found evidence of paralegal rates in the CNMI. *See* Order Awarding Plaintiff Attorney Fees and Costs 11, *Xuan v. Joo Yeon Corp. and*

---

[5] As stated previously, Plaintiffs submitted one billing entry for Mr. Horey at a hourly rate of $240. (ECF No. 70-2 at 4.) At the hearing on the instant motion, Plaintiff's counsel clarified that this was a typo. The Court therefore corrects the total amount owed based on a hourly rate of $285.

*Se Young Corp.*, Civ. Case No. 1:12-cv-00032 (D. N. Mar. I. Jan. 27, 2017) ($90 hourly fee for paralegal in Saipan), ECF No. 266. Furthermore, the Court has also determined that "[c]onsidering the range of fees throughout the country, the Court finds that an hourly rate of $125 [for the paralegal] is reasonable." Order Granting Plaintiffs' Attorneys' Fees and Costs for Countermotion to Compel Discovery, *Wang et al. v. Gold Mantis Const. Decoration (CNMI), LLC, et al.*, Civ. Case No. 1:18-cv-00030 (D. N. Mar. I. May 5, 2020), ECF No. 106 (collecting cases).

Because Plaintiffs fail to justify the $150 hourly rate requested for the paralegal service in this case with any background information, the Court denies this higher rate and finds the lower rate of $90 hourly fee to be reasonable here. Accordingly, the Court grants $180 for the 2 hours performed by the paralegal. In sum, the Court will award a total of $23,147.50 in attorney's fees, which includes the fees for the paralegal.

**C. Costs**

Finally, Plaintiffs request reimbursement for costs totaling $9,895.04. Ordinarily, 28 U.S.C. § 1920 "'define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority.'" *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (quoting *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991)). "A district court may not tax costs beyond those authorized by § 1920. Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Alexander Mfg., Inc. Employee Stock Ownership and Trust v. Illinois Union Ins. Co.*, 688 F. Supp. 2d 1170, 1176 (D. Or. 2010) (internal citation omitted). For instance, postage and deliveries are not costs listed in § 1920 and is thus not ordinarily taxable as a cost. *See Continental Pacific, LLC v. DuBuclet*, 2022 WL 3328595, at *3 (D. Haw. July 15, 2022) (postage), report and recommendation adopted as modified in 2022 WL 3311511 (D. Haw. Aug. 11,

2022); *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 2009 WL 302246, at *3 (D. Or. Feb. 9, 2009) ("Postage and delivery costs, even of depositions, are not taxable under § 1920."). In addition, some courts have found that computerized legal research charges are outside the scope of § 1920. *Alexander*, 688 F. Supp. 2d at 1176-77.

However, the Ninth Circuit has repeatedly "allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties." *Grove*, 606 F.3d at 580. In *Grove*, the Ninth Circuit identified language under ERISA that allowed for the recovery of "reasonable attorney's fees and costs of the action." *Id*. at 581 (internal quotation marks omitted). Thus, "[i]n considering the use of the term 'attorney's fees' in ERISA's fee shifting provision, we observed that it is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920." *Id*. at 581 (internal quotation marks omitted). The Ninth Circuit concluded that costs such as computerized research may be recovered as attorney's fees under federal statute if separate billing for such expenses is "the prevailing practice in the local community." *Id*. (internal quotation marks and citation omitted); *see Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, 2010 WL 11404472, at *2 (C.D. Cal. June 17, 2010) (finding that where a statute contains a provision allowing for the prevailing party to be awarded reasonable attorney's fees, "that phrase typically includes certain litigation expenses that would customarily be charged to the client." (citing *Grove*, 606 F.3d 577)).

Here, the FLSA expressly entitles Plaintiffs to reasonable attorney's fees and costs of the action. 29 U.S.C. § 216(b). This language is essentially identical to that of ERISA's statute, as discussed by *Grove*. Therefore, consistent with *Grove*, the Court finds that the costs requested here

that are not specifically enumerated in § 1920 are permissible and reasonable out-of-pocket expenses under the FLSA. *See Van Dyke v. BTS Container Serv., Inc.*, 2009 WL 2997105, at *2 (D. Or. Sept. 15, 2009). These include legal research, postage, and process service fees. *See Vega v. Weatherford U.S., Limited Partnership*, 2016 WL 7116731, at *17 (E.D. Cal. Dec. 7, 2016) (permitting reimbursement for costs including computer research as part of claims for violations of the FLSA, the California Labor Code, and the California Business and Professional Code); *Franco v. Ruiz Food Prods., Inc.*, 2012 WL 5941801, at *22 (E.D. Cal. Nov. 27, 2012) (finding that electronic research fees pursuant to are "routinely reimbursed" under the FLSA, California Labor Code, and California Business and Professions Code); *Robledo v. Orellana*, 2012 WL 442122, at *3 (D. Or. Feb. 10, 2012) (determining that postage, computerized research, and process service fees are reasonable out-of-pocket expenses under the FLSA). Although costs may be awarded "only if it is the prevailing practice in the relevant community for attorneys to bill these costs separate from their hourly rates," *Premier Pool Mgmt. Corp. v. Lusk*, 2012 WL 1593206, at *10 (E.D. Cal. May 4, 2012), and Plaintiffs did not provide any evidence of the legal community's prevailing practice regarding computerized research, the Court finds that this is the prevailing practice based on the Court's own practice of granting Criminal Justice Act defense attorneys reimbursements for such costs.

Section 1920 allows the Court to tax as costs compensation of interpreters, printing, photocopies, and clerk fees. *See* 28 U.S.C. § 1920(1), (3), (4), (6). Therefore, the Court will award those costs on the basis of § 1920. *See Garcia v. Restaurant Comido Latino, LLC*, 2016 WL 107186, at *3 (D. Md. Jan. 11, 2016) (identifying interpreter fees as costs assessed against losing defendants in FLSA cases). In summary, the total costs taxed against Defendants are identified below.

//

| Entry | Requested Costs | Awarded Costs |
|---|---|---|
| Legal Research | $4,229.99 | $4,229.99 |
| Photocopies and Printing | $626.40 | $626.40 |
| Postage and Delivery | $14.90 | $14.90 |
| Process of Service | $175.00 | $175.00 |
| Filing Fees, Annual Reports | $410.00 | $410.00 |
| Interpreter Services | $4,438.75 | $4,438.75 |
| | | |
| TOTAL | $9,895.04 | $9,895.04 |

Accordingly, Plaintiffs are awarded attorney's fees in the amount of $23,147.50, and costs in the amount of $9,895.04, for the total sum of $32,997.54. However, based on Plaintiffs' proffer in its motion, the Court will cap this amount at $30,000.00 for attorney's fees and costs.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to approve the Parties' compromised FLSA settlement (ECF No. 68) for a total sum of $450,000.00. The Court also GRANTS Plaintiffs' motion for attorney's fees and costs (ECF No. 70) for an additional $30,000.00. Plaintiffs' counsel shall distribute the settlement funds pursuant to the proposed distribution of settlement amount to the FLSA collective action members filed with the Court on October 6, 2022 (ECF No. 69.)

Finally, because Plaintiffs' counsel has received the full payment of the compromised amount of $480,000 for these two FLSA claims, the Court directs that satisfaction of the FLSA Judgment (ECF No. 57) be entered on the docket in this action.

IT IS SO ORDERED this 12th day of November, 2022.

RAMONA V. MANGLONA
Chief Judge